### 2004–2144.   Cuyahoga Cty. Bar Assn. v. Jurczenko.

On August 24, 2005, this court suspended respondent, Alexander Jurczenko, for a period of two years with one year stayed on conditions. On February 14, 2006, relator, Cuyahoga County Bar Association, filed a motion for an order to appear and show cause, requesting the court to issue an order directing respondent to appear and show cause why he should not be found in contempt for his failure to comply with this court's August 24, 2005 order. On March 27, 2006, this court granted that motion and advised respondent to file a written response. Respondent did not file a response to the show-cause order. Respondent was ordered to appear before the court on July 18, 2006. Respondent did not appear. Accordingly,

It is ordered by the court, sua sponte, that respondent is found in contempt and ordered to serve seven days in jail. It is further ordered that this sentence is suspended on the conditions that respondent fully complies with all orders of this court, returns all files to former clients within 30 days of the date of this order, returns client funds to clients within 30 days of the date of this order, and immediately ceases the practice of law. It is further ordered that respondent's failure to obey any of these conditions will result in incarceration.

It is further ordered that the stay of the second year of respondent's suspension is revoked and respondent shall serve the two year suspension imposed by the court on August 24, 2005, as an actual period of suspension.

### 2006–0776.   Lake County Bar Assn. v. Sassé.

This cause is before the court upon the filing of a final report by the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio. The report recommends that the respondent, Cynthia A. Sassé, Attorney Registration No. 0042071, be suspended from the practice of law in Ohio for a period of one year pursuant to Gov.Bar R. V(6)(B)(3).

By order dated August 3, 2006, the court accepted respondent's resignation from the practice of law as a resignation with disciplinary action pending, in case No. 2006–0828, *In re Resignation of Sassé.* Pursuant to the court's order and Gov.Bar R. V(11)(G), the resignation is unconditional, final, and irrevocable.

Accordingly, it is ordered by the court that case No. 2006–0776, *Lake Cty. Bar Assn. v. Sassé,* is dismissed as moot.